**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NUMBER 4:24-CR-40001-001** |
| | ) | |
| **EUGENE SPENCER COX** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, **Eugene Spencer Cox**, by the Office of the Federal Public

Defender and its attorney, **Alex Wynn**, and does hereby respectfully move this Court as to the

following: for a downward variance below the Guideline Range.

PROCEDURAL BACKGROUND

Eugene Spencer Cox was named in a three-count Indictment with possession, conspiracy

to distribute, and possession with intent to distribute more than 5 kilograms of cocaine, in violation

of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(C), 843(b), and 846.   Mr. Cox entered a change of

plea on October 2, 2024, pleading guilty to Count Two of the Indictment. (Docs 52-53) The

Presentence Investigation Report (PSR) calls for an advisory guideline range of 135-168 months,

based on an offense level of 33 and a criminal history category of I. (Doc 69)

ARGUMENT

**I.      Given the Nature and Circumstances of Mr. Cox's Offense and His History and
Characteristics, the Sentence Requested is Sufficient, But Not Greater Than
Necessary, to Satisfy the Purposes of Sentencing.**

Since 2005, the Guidelines have been considered advisory and are now just one of several

criteria a sentencing court considers when imposing a sentence.   *United States v. Booker,* 543 U.S.

220, 223 (2005).   The process a sentencing court must follow since *Booker* involves three steps;

1

first, it must determine the appropriate guidelines sentencing range, then examine the propriety of a traditional departure under the Guidelines, and finally consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether to vary from the Guidelines. *See United States v. Garlewicz,* 493 F.3d 933, 937 (8th Cir. 2007).

18 U.S.C. § 3553(a) begins with the mandate that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." These sentencing purposes can be satisfied by sentencing Mr. Cox below the Guideline Range.

### A.    The Nature and Circumstances of the Offense

Distribution of cocaine is a serious offense. It is a felony that causes a detriment to society as a whole. Mr. Cox understands the seriousness of his crime and the burden it has placed on the community; however, he did not physically harm anyone, nor did he make any threats in committing this offense.   He was not involved in its manufacture, nor was he involved in it being trafficked into the United States.   Mr. Cox has admitted to this conduct and accepted responsibility for his actions.

Mr. Cox was attributed two offense levels for possessing firearms in connection with this offense. He has objected to this enhancement because the firearms were clearly solely possessed by his co-defendant.   The identifying data in each room of the apartment in Atlanta made it very apparent that any firearms were kept in a safe or closet in the room occupied by Mr. Ruiz.   No firearms or firearm accessories were located at any time on Mr. Cox's person, his home, or the room that his wallet was in at the apartment.   Mr. Cox understands that under the Guidelines, these firearms can still be attributed to him but prays that this Court uses its discretion to remove the enhancement for gun possession.

2

**B.  <u>History and Characteristics of the Defendant</u>**

Eugene Cox is a lifelong resident of Atlanta, Georgia, where he has built strong familial ties and a deep sense of community. He has dedicated himself to caring for his aging parents - one of whom has progressing Alzheimer's disease, and the other, who is fully immobile, suffers from end stage renal disease and dementia as a result of two consecutive strokes - making them entirely dependent on his support.   The prospect of incarceration weighs heavily on Mr. Cox, as it would leave his parents without the essential care they rely upon.   While he fully acknowledges and takes responsibility for his actions, the thought of losing his parents during his incarceration has been a source of profound anguish.   Mr. Cox is deeply grateful to this Court for granting him the opportunity to remain out of custody, allowing him to spend invaluable time with his family during this critical period.

In addition to his commitment as a caregiver to his parents, Mr. Cox shares a long-standing, meaningful relationship with his significant other and is a devoted and involved father to his two children. The potential denial of his request for a downward variance carries profound implications not only for Mr. Cox but also for his family.   Should his prayer be unfruitful, he faces the potential of losing his parents during his incarceration, as well as being separated from his children until they reach adulthood. This separation would deprive him of the opportunity to witness and participate in their formative years, a loss that would be irreparable for both Mr. Cox and his children. The gravity of this situation underscores the profound personal and emotional stakes involved in this matter.

He is deeply rooted in the Atlanta community, where he has established himself as a successful small business owner and consultant, demonstrating both intelligence and a strong work ethic. Mr. Cox has pursued business education to enhance his professional skills and expand his

entrepreneurial endeavors.   When his parents' health began to decline, he made significant personal and financial sacrifices to ensure their well-being, highlighting his commitment to family. For Mr. Cox, family is the cornerstone of his life, and the reality of being separated from them due to his actions has been a source of immense sorrow.   He has no significant criminal history and deeply regrets that his choices - which he initially pursued as a means of supplemental income - caused harm to individuals and families within his community.

Mr. Cox is committed to using his time in incarceration productively, taking full advantage of the programs and resources offered by the Bureau of Prisons (BOP) to rehabilitate himself and prepare for a successful reintegration into society.   He is determined to emerge from this experience as a better person, equipped to contribute positively to his family and community upon his release.

C.  **Need for Just Punishment in Light of the Seriousness of the Offense**

A downward variance below the Guideline Range in a federal prison is just in light of the circumstances of Mr. Cox's non-violent offense, which already entails a significant loss of liberty. While Mr. Cox fully acknowledges the need to serve time in prison as a consequence of his actions, he respectfully submits that a sentence within the Guideline Range is not necessary to convey the gravity of his offense or to ensure his understanding of the harm caused.   He deeply regrets his role in contributing to the struggles of those battling addiction and offers his sincere apologies to the Court, the community, and those affected by his actions.

The requested variance reflects a balanced approach to justice, one that recognizes the seriousness of drug distribution while also considering Mr. Cox's unique circumstances and demonstrated remorse.   It underscores that such offenses carry severe consequences, including substantial prison time, significant fines, and lengthy terms of supervised release, thereby

4

maintaining respect for the law and its deterrent purposes. This approach aligns with the principles of fairness and proportionality, ensuring that the punishment is both meaningful and just.

### D.  Adequate Deterrence; Protect the Public

A downward variance below the Guideline Range will still result in an adequate deterrent to Mr. Cox. This conviction will result in Mr. Cox serving a term of imprisonment for the first time in his life. All of Mr. Cox's prior convictions are very old and resulted in probationary sentences. Any sentence that Mr. Cox receives in this case will be an adequate deterrence from participating in this type of behavior again.

Mr. Cox has been out of custody for the duration of this case and has had no violations or problems complying with supervision. He has been a contributing member of society and continued to manage the care of his disabled parents. He has spent time watching his children play sports and attending birthday parties. He prays that this Court takes his current conduct as an example of his character, and a preview into what he plans to do upon release from incarceration.

### E.  Medical Treatment, Vocational Training, Education, or Correctional Treatment

As mentioned above, Mr. Cox has had successful business ventures and spent his entire life working his way up in the restaurant industry. He will benefit from pursuing educational and vocational opportunities while at the BOP.

Mr. Cox has a history of alcohol abuse and would benefit from any rehabilitation that is offered. He plans to find the best version of himself so that upon his release, he can be just that for his family.

## CONCLUSION

Mr. Cox's conduct, while illegal and serious, can be addressed by a downward variance below the Guideline Range.  Such a sentence addresses all of the §3553(a) factors and is in keeping with the parsimony principle.

WHEREFORE, Mr. Cox respectfully requests this Court to Grant a downward variance below the Guideline Range.

Respectfully submitted,

JAMES B. PIERCE
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

By:      /s/ *Alex Wynn*
   Alex Wynn
   Assistant Federal Public Defender
   100 E. Peach Street, Suite 320
   El Dorado, AR 71730
   (479) 249-8648

   Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Graham Jones, Assistant United States Attorney, and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants: none.

/s/ *Alex Wynn*
Alex Wynn
Assistant Federal Public Defender

6